IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

KINGRALE COLLINS
ADC #SK945                                                                                    PLAINTIFF

V.                                    5:07CV00054 WRW/HDY

BUCHANAN, Corporal, Varner Super Max,
Arkansas Department of Correction; TAMMY
LUCKETT, Grievance Officer, Varner
Super Max, Arkansas Department of Correction; and
TAMMY K. ROCHELLE, Grievance Officer,
Varner Super Max, Arkansas Department of Correction                   DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

1

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff filed this action on March 14, 2007 (docket entry #1) unaccompanied by an Application to Proceed *In Forma Pauperis*. Plaintiff's Complaint appeared to allege claims related to lack of access to legal materials. The undersigned entered an Order on March 19, 2007 (docket entry #2) directing Plaintiff to submit an *In Forma Pauperis* application and an Amended Complaint that explained how the named Defendants were responsible for the injury that Plaintiff claimed. Plaintiff has not submitted an *In Forma Pauperis* application, but he has filed a document that has been docketed as an "Addendum" which appears to address his desire that his attorneys in

2

his criminal case withdraw their appeals in the case and allow him to seek "executive clemency." These documents are accompanied by grievance forms which seem to address medical concerns, including a skin rash, and the fact that his criminal appeals counsel has a block on his telephone rejecting calls from the Arkansas Department of Correction. However, none of these documents are responsive to the Court's March 19th Order.

Local Rule 5.5(c)(2) provides that if any communication from the Court to a *pro se* litigant is not responded to within thirty days, the case may be dismissed without prejudice. Plaintiff has failed to comply with the Court's order to provide an *In Forma Pauperis* application or an Amended Complaint setting forth specifically directed information. Under these circumstances, the undersigned concludes that this case should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2) and failure to prosecute. *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) ("District courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and we review the exercise of this power for abuse of discretion.")

## CONCLUSION

IT IS THEREFORE RECOMMENDED that Plaintiff's cause of action be dismissed without prejudice.

. DATED this __23__ day of April, 2007.

*H. Daniel Young*

_____
UNITED STATES MAGISTRATE JUDGE